## JOHNSON v. AMERICAN BANK.

(Fourth Division. Fairbanks. June 13, 1914.)

No. 2011.

1. BANKRUPTCY ⊙=163—PREFERENCE TO BANK.

Prior to the declaration of bankruptcy the bankrupts deposited gold dust in the defendant bank, to which they were then indebted in an equal or larger sum. The bank immediately credited the amount on the note of the bankrupts held by the bank. On suit brought by the trustee subsequently appointed to recover the amount of the deposit as an unlawful preference within four months, *held*, the bank had a right to set off against a debt due it from the bankrupts any deposit of the bankrupts held by it at the time of bankruptcy, and such set-off would not amount to a preference, nor be voidable at the election of the trustee.

2. BANKRUPTCY ⊙=302(1)—RECOVERY OF PREFERENCE—ACTION—PLEADING.

The trustee in bankruptcy brought suit to recover an amount deposited by the bankrupts in a bank within four months prior to the adjudication of bankruptcy on the ground of unlawful preference. *Held*, the complaint must not only allege that the transfer would effect a preference, and that the bank had knowledge of the insolvency of the depositors, but it must also allege that the bank had knowledge that the transfer of the fund from the depositors' account would effect a preference forbidden by law.

The plaintiff, as a trustee in bankruptcy, has brought this action against the defendant bank to recover the sum of $3,-750.27, alleged to have been received by the defendant as a preferential payment within four months of the date of bankruptcy.

As set out in the complaint, the transaction from which the claim arises grew out of the delivery of gold dust to the bank by the bankrupts, intended as a deposit in their general bank account, and the application of an amount equal to the ascertained value of the gold dust by the bank upon a note of the bankrupts held by it. The complaint also alleges that at that time the bankrupts were insolvent, and indebted in a sum far exceeding the value of the firm assets, as well as that of the assets of the individual members of the firm, and that at that time the defendant well knew, or had reasonable cause to believe, that

⊙=See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the bankrupts were insolvent. It is also alleged that on said date, as well as on the date of bankruptcy, the property of the bankrupts was insufficient to pay their lawful indebtedness, and that the retention by the defendant of said sum results in a payment to it of a much greater percentage of its indebtedness than will be received by any other of the creditors of the bankrupts of the same class.

Defendant has demurred to the complaint, upon the ground that the plaintiff has no legal capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action.

T. A. Marquam and L. K. Pratt, both of Fairbanks, for plaintiff.

McGowan & Clark and J. K. Brown, all of Fairbanks, for defendant.

FULLER, District Judge.　The first ground was not seriously urged, and may be disregarded.

The contention of the defendant is that the matters set out in the complaint show simply a set-off of a deposit by the bank against a debt due it, and that such a set-off is fully authorized under the Bankruptcy Act, and does not amount to a preference, and gives a trustee in bankruptcy no right to maintain this action.

Undoubtedly, under section 68a, Act July 1, 1898, c. 541 (30 Stat. 565, c. 541 [U. S. Comp. St. 1916, § 9652]), the bank had a right to set off against a debt due it from the bankrupts any deposit of the bankrupts held by it at the time of the bankruptcy, and such set-off would not amount to a preference, nor be voidable at the election of the trustee. Collier on Bankruptcy (9th Ed.) 976; New York County Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380; Studley v. Boylston New York Bank, 229 U. S. 523.

The plaintiff, however, contends that the facts alleged show that there never was any deposit received as a deposit by the defendant, but that, after ascertaining the value of the gold dust delivered to it by the bankrupts, it immediately applied the amount thereof as a payment upon a pre-existing debt; that it was not a transaction in the ordinary course of banking business, wherein a deposit was received and held by the bank subject to the check of the depositor, but was only a payment on

a pre-existing debt, while the payor was insolvent, and such insolvent condition was fully known to the payee; and that such payment was a transfer then operating as a preference.

The payments which were held proper as set-offs, in the two cases above cited, were made when the banks receiving the same did not know that the depositors were insolvent, or had reasonable cause to believe that insolvency existed; and the language of the court seems to limit right of set-off strictly to such a state of facts as was therein found to exist.

In the case of Lowell v. International Trust Company, 158 Fed. 781, 86 C. C. A. 137, the Circuit Court of Appeals for the First Circuit affirmed a judgment of the District Court, wherein a verdict had been directed against the trustee in bankruptcy upon his offer of proof of a state of facts similar to those set out in the complaint herein, except that a deposit entry was actually made by the bank before making the set-off. Payment of the amount of the deposit was credited upon the bankrupt's note on the same day deposit was made, and prior to such indorsement the bank had refused to honor checks drawn that same day upon the account. The court held that such action by the bank was authorized, under the authority of New York County Bank v. Massey, supra, and in Re George M. Hill Co., 130 Fed. 315, 64 C. C. A. 561, 66 L. R. A. 68, the Circuit Court of Appeals for the Seventh Circuit, upon a somewhat similar state of facts, held that the application of a deposit in part payment of a note was a proper set-off.

It would seem, however, that the language used by the Supreme Court in New York County Bank v. Massey, supra, and Mechanics & Metals National Bank v. Ernst, 231 U. S. 60, 34 S. Ct. 22, 58 L. Ed. 121, would forbid the extension of the right of set-off to a case where a sum is received by a bank, and immediately applied in payment of the would-be depositor's debt, and never carried into his general deposit account.

Of course, a court should look to the substance rather than the form of the transaction, and if the bank had the right to apply the sum received as a payment upon a note held by it, it would make little difference, in effect, whether the form of first entering the amount as a deposit, and then crediting such amount upon the note, and then deducting it from the deposit account, was gone through with, or whether a single entry was made crediting upon the note the amount received. What was

done, however, might have some weight as evidence in determining what was the actual result of the transaction.

Section 60a of the Bankruptcy Act provides:

"That a person shall be deemed to have given a preference if, being insolvent, he has  *  *  *  made a transfer of any of his property, and the effect of the  *  *  *  transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

A payment of money is a transfer of property under this section. Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171.

The facts set out in the complaint seem to show sufficiently a transfer of property by the bankrupts within four months of their bankruptcy, and while insolvent, and that the effect of the transfer is a preference. Section 60b, however, states another condition which must exist before the trustee has a right to recover money so paid, and that is:

"That the person receiving it, or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference."

It is not sufficient that the transferee knew that the transferror was insolvent, but he must also know, or have reasonable cause to believe, that the transfer would effect a preference.

The complaint in this case alleges that the transfer would effect a preference, and that the transferee had knowledge of the insolvency of the transferrors, but it does not allege that the defendant had knowledge that the transfer would effect a preference, or had reasonable cause to believe that it would. It may be that the facts stated in the complaint, if proved upon the trial, would be such as to warrant the court or a jury in drawing the inference that such knowledge existed on the defendant's part, but such inference does not necessarily result therefrom. One of the ultimate facts which the plaintiff must prove upon the trial, before he can recover, is that the defendant, at the time of the transfer of property by the bankrupts, then had reasonable cause to believe that the transfer would effect a preference, and I do not find any sufficient allegation to this effect in the complaint. For this reason, the demurrer is sustained, with leave to plaintiff to amend his complaint.